UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SHIFA IQBAL NAVIWALA,                              Civil Action No.:

                            Plaintiff,

   -against-

SPRINT/UNITED MANAGEMENT
COMPANY,

                            Defendant.
----------------------------------------------------------X

## COMPLAINT

Plaintiff, SHIFA IQBAL NAVIWALA ("Plaintiff"), as and for her Complaint against Defendant, SPRINT/UNITED MANAGEMENT COMPANY ("Defendant"), respectfully alleges as follows:

### JURISDICTION AND VENUE

1.    Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and Title 12 of the New York Codes, Rules, and Regulations, Part 142 ("Regulations"), to recover unpaid overtime compensation and for other relief.

2.    Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3.    The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4.    Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff is an adult female who resides in Nassau County, New York.

6. Plaintiff has been employed by Defendant since on or about April 25, 2015 until the present.

7. Plaintiff worked at Defendant's Kissimmee, Florida retail store from the beginning of her employment until on or about September 1, 2018.

8. Plaintiff worked at Defendant's Merrick, New York retail store from on or about September 1, 2018 until on or about May 2019.

9. Plaintiff has worked at Defendant's Westbury, New York from on or about May 2019 until the present.

10. Defendant is a nationwide cell phone and wireless service provider that has retail store locations throughout the United States.

11. According to the New York State Department of State, Division of Corporations, Defendant is a foreign corporation duly authorized to conduct business in the State of New York.

12. According to the New York State Department of State, Division of Corporations, Defendant maintains a Principal Executive Office located at 6200 Sprint Parkway, Overland Park, Kansas, 66251.

13. Upon information and belief, Defendant maintains principal places of business located at 1230 Corporate Dr, Westbury, New York 11590 and 2013 Merrick Rd, Merrick, New York 11566.

14. Upon information and belief, Defendant owns and operates the Sprint retail stores located at 1230 Corporate Dr, Westbury, New York 11590 and 2013 Merrick Rd, Merrick, New York 11566.

15. At all relevant times, Defendant has maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to her.

16. Defendant has had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

17. Defendant is a covered employer within the meaning of the FLSA and the NYLL, and, at all relevant times, employed Plaintiff.

## FACTS

18. From on or about September 1, 2018 though the present (the "relevant period of Plaintiff's employment"), Plaintiff has been employed as a retail clerk for the benefit of and at the direction of Defendant at its Westbury and Merrick retail stores.

19. During the relevant period of Plaintiff's employment, Plaintiff was required to clock-in at the beginning of her shifts and to clock-out at the end of her shifts.

20. During the relevant period of Plaintiff's employment, Plaintiff has only been given access to Defendant's time keeping system to clock-in and -out during times that she is physically present at Defendant's retail store locations.

21. During the relevant period of Plaintiff's employment, Plaintiff has not been given remote access to Defendant's time keeping system to enable her to clock-in and -out during times that she has performed work outside of Defendant's retail store locations.

22. Upon information and belief, for the relevant period of Plaintiff's employment, Defendant is in possession of time records for the hours that Plaintiff worked each day "on-the-clock."

23. During the relevant period of Plaintiff's employment, Plaintiff has typically worked five (5) days per week, eight (8) hours per day, forty (40) hours per week. Upon information and

belief, Defendant's time records will demonstrate the hours Plaintiff worked "on-the-clock" during the relevant period of Plaintiff's employment while she was physically present in Defendant's retail store locations.

24. During the relevant period of Plaintiff's employment, Defendant has paid Plaintiff an hourly rate of pay.

25. During the relevant period of Plaintiff's employment, Defendant has paid Plaintiff via direct deposit on a bi-weekly basis.

26. During the relevant period of Plaintiff's employment, when Plaintiff has worked in excess of forty (40) hours in Defendant's retail store locations, she has been paid time and a half her regular rate of pay.

27. During the relevant period of Plaintiff's employment, Plaintiff has been responsible for attending weekly conference calls two to three (2-3) times per week from about 9:00 a.m. to about 9:30 a.m. Plaintiff was required to participate in these conference calls even though she was not physically at Defendant's retail stores or clocked-in. Plaintiff was not paid any wages for this time worked "off-the-clock."

28. During the relevant period of Plaintiff's employment, Plaintiff has been responsible for participating in group chat sessions with Defendant's district managers, store managers, assistant store managers, and other retail clerks on a daily basis, even on her days off. Plaintiff has been required to participate in these group chat sessions even though she was not physically at Defendant's retail stores or clocked-in. Plaintiff has been required to spend at least two (2) hours per day participating in these group chat sessions. Plaintiff was not paid any wages for this time worked "off-the-clock."

29. Based on the foregoing allegations, Plaintiff has been required to engage in work-related activities during times that she is not clocked-in at Defendant's retail stores.

30. During the relevant period of Plaintiff's employment, Plaintiff has worked a minimum of two (2) extra hours per day (or two and one-half (2.5) hours when she participated in a conference call) without being paid her regular rate of pay.

31. During the relevant period of Plaintiff's employment, when Plaintiff has worked a minimum of two (2) extra hours per day (or two and one-half (2.5) hours when she participated in a conference call) and such work was performed during weeks in which she worked in excess of forty hours per week, Plaintiff was not paid one and one-half times her regular rate of pay for such "off-the-clock" work.

32. During the relevant period of Plaintiff's employment, Defendant has not provided Plaintiff with complete and accurate earnings statements along with her weekly earnings, as required by NYLL § 195(3).

33. Defendant managed Plaintiff's employment, including the amount of time worked.

34. Defendant dictated, controlled, and ratified the wage and hour and all related employee compensation policies during Plaintiff's employment.

35. Defendant has been aware of Plaintiff's work hours but has failed to pay her the full amount of compensation to which she was and is entitled for this work time under the law.

36. Defendant has been aware of Plaintiff's work hours but has failed to pay her the full amount of overtime compensation to which she was and is entitled for this work time under the law.

37. Defendant's failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## FAILURE TO COMPENSATE FOR OVERTIME

38. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

39. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

40. Defendant was and is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce or in the production of goods for commerce.

41. At all times relevant to this Complaint, Defendant had, and continues to have, two or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who handled retail merchandise that originated outside of the State of New York.

42. Upon information and belief, the gross annual volume of sales made or business done by Defendant for 2018 and 2019 was not less than $500,000.00.

43. Additionally, Defendant was and is subject to the overtime pay requirements of the FLSA because Plaintiff was individually engaged in interstate commerce within the scope of her job duties by processing credit card payments through companies located outside of the State of New York.

44. At all times relevant to this action, Plaintiff has been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

45. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

46. By the above-alleged conduct, Defendant has violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

47. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

48. However, none of the Section 13 exemptions apply to Plaintiff because she has not met the requirements for coverage under the exemptions.

49. Defendant has acted willfully and has either known that its conduct violated the FLSA or has shown reckless disregard for the matter of whether its conduct violated the FLSA.

50. Defendant has not acted in good faith with respect to the conduct alleged herein.

51. As a result of Defendant's violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME

52. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

53. At all times relevant to this Action, Plaintiff has been employed by Defendant within the meaning of New York Labor Law §§ 2 and 651.

54. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 142-2.2.

55. By the above-alleged conduct, Defendant has failed to pay Plaintiff overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

56. By the above-alleged conduct, Defendant has failed to pay Plaintiff overtime compensation for the time periods in which she worked in excess of forty (40) hours a week.

57. Plaintiff is not exempt from the overtime provisions of the New York Labor Law, because she does not meet the requirements for any of the reduced number of exemptions available under New York law.

58. Defendant has acted willfully and has either known that its conduct violated the New York Labor Law or has shown a reckless disregard for the matter of whether its conduct violated the New York Labor Law.

59. Defendant has not acted in good faith with respect to the conduct alleged herein.

60. As a result of Defendant's violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6
## FAILURE TO PAY REGULAR WAGES

61. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

62. During Plaintiff's employment, Defendant suffered and permitted Plaintiff to work numerous hours each week without paying her the wages to which she was and is entitled.

8

63. Defendant's failure to pay Plaintiff the wages that she earned constitutes outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

64. Defendant has acted willfully and either knew that its conduct violated the New York Labor Law or has shown reckless disregard for the matter of whether its conduct violated the New York Labor Law.

65. Defendant has not acted in good faith with respect to the conduct alleged herein.

66. As a result of Defendant's violations of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, CPLR interest, attorneys' fees, and costs of litigation.

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

67. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

68. Defendant has willfully failed to provide Plaintiff with accurate written wage statements with her wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

69. Through its knowing and intentional failure to provide Plaintiff with accurate wage statements, Defendant has willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

70. Due to Defendant's willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through her attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendant and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendant committed one or more of the following acts:

   1. Violated provisions of the FLSA by failing to pay overtime compensation to Plaintiff;

   2. Willfully violated the provisions of the FLSA;

   3. Violated the provisions of the NYLL by failing to pay overtime and regular wages to Plaintiff;

   4. Willfully violated the applicable provisions of the NYLL;

   5. Violated the provisions of the NYLL by failing to provide Plaintiff with accurate wage statements;

B. Award compensatory damages, including all overtime compensation and regular wages owed, in an amount according to proof;

C. Award liquidated damages under the NYLL, or alternatively the FLSA;

D. Award interest on all NYLL overtime and regular wages due accruing from the date such amounts were due;

E. Award all statutory damages under the NYLL;

F. Award attorneys' fees and costs incurred in prosecuting this action; and

G. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
       April 8, 2020

_____
Neil H. Greenberg, Esq.
Keith E. Williams, Esq.

                                    Neil H. Greenberg & Associates, P.C.
                                    *Attorneys for the Plaintiff*
                                    4242 Merrick Road
                                    Massapequa, New York 11758
                                    Tel: 516.228.5100
                                    nhglaw@nhglaw.com
                                    keith@nhglaw.com

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in **Shifa Iqbal Naviwala** v. **Sprint/United Management Company** in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Massapequa, New York
 Friday, January 31, 2020

_____
Shifa Iqbal Naviwala